**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE:<br>OCAMPO, HECTOR<br>OCAMPO, ROSE<br><br>Debtor(s) | CHAPTER 7 CASE<br><br>CASE NO. 07B-19666 BWB<br><br>JUDGE BRUCE W. BLACK |

**TRUSTEE'S FINAL REPORT**

To:  THE HONORABLE BRUCE W. BLACK
     BANKRUPTCY JUDGE

NOW COMES THOMAS B. SULLIVAN, TRUSTEE, herein, and respectfully submits to the Court and to the United States Trustee his/her Final Report and Account in accordance with 11 U.S.C. §704(9).

1.   THOMAS B. SULLIVAN, TRUSTEE was appointed as the Chapter 7 trustee ("Trustee"). The Petition commencing this case was filed on 10/23/07. The Trustee was appointed on 10/23/07. An order for relief under Chapter 7 was entered on 10/23/07.

2.   The Trustee certifies that he has concluded the administration of this estate and has performed the duties enumerated in Section 704 of the Bankruptcy Code. The nonexempt assets of the estate have either been converted to cash, disposed of under orders of this Court, or are sought to be abandoned by the Trustee; there is no other property belonging to the estate; there are no matters pending or undetermined; claims have been reviewed; and all claim objections have been resolved to the best of the Trustee's knowledge. The Trustee certifies that this estate is ready to be closed. The tasks performed by the Trustee are set forth on Exhibit A. The Trustee has not found it advisable to oppose the Debtor(s) discharge.

3.   The disposition of estate property is set forth in Exhibit B. The property abandoned, or sought to be abandoned, along with the reasons for such abandonment, is described in Exhibit B.

4.   A summary of the Trustee's Final Report as of 12/2/08 is as follows:

|   |   |   |
|---|---|---|
| a. RECEIPTS (See Exhibit C) | $ | 111,716.06 |
| b. DISBURSEMENTS (See Exhibit C) | $ | 90,830.30 |
| c. NET CASH available for distribution | $ | 20,885.76 |
| d. TRUSTEE/PROFESSIONAL COSTS | | |

| | | |
|---|---|---|
| 1. Trustee compensation requested (See Exhibit E) | $ | 7,500.80 |
| 2. Trustee Expenses (See Exhibit E) | $ | 0.00 |
| 3. Compensation requested by attorney or other professionals for trustee (See Exhibit F) | $ | 2,925.37 |
| | $ | |

5.  The Bar Date for filing unsecured claims expired on 11/07/08.

6.  All claims filed in this case with the Clerk of the Bankruptcy Court have been reviewed by the Trustee. The actual dollar amount of claims allowed and/or requested for this estate is as follows:

| | | |
|---|---|---|
| a. Allowed unpaid secured claims | $ | 0.00 |
| b. Chapter 7 Administrative and 28 U.S.C. §1930 claims | $ | 10,686.17 |
| c. Allowed Chapter 11 Administrative Claims | $ | 0.00 |
| d. Allowed priority claims | $ | 0.00 |
| e. Allowed unsecured claims | $ | 106,183.24 |

7.  Trustee proposes that unsecured creditors receive a distribution of 9.61% of allowed claims.

8.  Total compensation and expense previously awarded to Trustee's counsel, accountant or other professional was $0.00. Professional's compensation and expense requested but not yet allowed is $2,925.37. The total of Chapter 7 professional fees and expenses requested for final allowance is $10,426.17. (A summary of the professional fees and expenses previously requested is attached hereto as Exhibit G.)

9.  A fee of $1,600.00 was paid to Debtor's counsel for services rendered in connection with this case, and no basis appears to request an examination of those fees pursuant to 11 U.S.C. §329.

**WHEREFORE**, the Trustee certifies under penalty of perjury that the above statements are true and correct and requests the Court to provide for notice and a hearing pursuant to 11 U.S.C. §§330(a), 502(b) and 503(b). The Trustee further requests that the Court award final compensation and reimbursement of expenses and make final allowances of the administrative claims and expenses stated in this Report and for such other relief as the Court shall deem proper.

Dated:    12/2/08                                    RESPECTFULLY SUBMITTED,


                                                             By: /s/Thomas B. Sullivan
                                                                THOMAS B. SULLIVAN, TRUSTEE
                                                                1900 RAVINIA PLACE
                                                                ORLAND PARK, IL  60462
                                                                Telephone # (708) 226-2700

## TRUSTEE TASKS

On October 22, 2007 the debtors filed a voluntary Chapter 7 petition.

Prior to the first meeting of creditors the Trustee reviewed the bankruptcy schedules.  Schedule B numbers 18, 19, 20 and 21 were blank listing no interest of the debtors in any contingent or unliquidated claim of any nature the debtors would have in an asset.

The statement of financial affairs section 4, suits and administrative proceedings, garnishments and attachments list all lawsuits and administrative proceedings to which the debtors are or was a party to within one year immediately preceding the filing of the bankruptcy case.  The debtors listed a foreclosure action in which they were a defendant.  The defendant did not list a lawsuit that was filed on their behalf on March 16, 2007.

The debtors had listed in Section 18 that they owned EZ Mail Parcel a mailing service in Aurora, Illinois beginning in 2003 and ending in 2005.  Hector & Rose Ocampo operated a package delivery business out of their residence at 1477 Columbus Drive, Bolingbrook, IL from 2005 to present.  Schedule I listed income at $5,500.00 per month.

The debtors were in fact involved in a serious accident on March 16, 2007.  At the 341 hearing the Trustee asked the debtors if anyone owed them money, they had claims against anyone or any lawsuits against anyone and anyone they could sue.  Both debtors replied no and both understood the question and they were represented by counsel.

**Based on a review of the schedules and the testimony at the 341 meeting the Trustee filed a no asset report and the case was closed on February 12, 2008.                                           ½ HOUR**

**The Trustee learned that the debtors had a personal injury claim arising on or about March 16, 2007 and had retained James Miller, Jr. of Chicago to pursue the claim.  After contacting Mr. Miller the Trustee learned that he had obtained a settlement of $111,700 for the claim and was unaware of the bankruptcy proceeding.          2 ½ HOURS**

**The Trustee retained counsel and after discussion filed a motion to reopen the bankruptcy.  The basis of the motion was that the debtor did not schedule any personal injury claims on Schedule B and did not list any litigation other than an unrelated mortgage foreclosure case in their statement of financial affairs.  The debtors scheduled over $128,000 in unsecured claims on Schedule F.  The proposed settlement would not be sufficient to pay all claims in full if all creditors filed claims                                                        2 HOURS**

**The Trustee examined the settlement which the debtors had entered into without court approval and reviewed the circumstances involving the settlement with special concern for the amount of the settlement.  The Trustee determined the settlement amount was adequate based on the facts particularly in view of the prospect of immediate settlement payment, the uncertainty of delay and costs of the litigation.  The Trustee believes that the settlement was in the best interest of the estate.                                           10 HOURS**

**The Trustee with court approval, hired Mr. Miller under the same terms and conditions that he originally was hired by the debtors.**

**The Trustee found that the standard employment agreement to represent the debtor was fair and reasonable. The Trustee with court approval received authority to pay Mr. Miller a 1/3 contingency fee of $37,233.33 and costs of $147.72**

**The Trustee reviewed the hospital lien of Edward Hospital and believes it to be a valid lien. The Trustee with court approve agreed to pay Edward Hospital $26,749.25.** **7 HOURS**

**Claims were reviewed and the claim for Stern Bank NA in the amount of $34,219.48 was withdrawn. The Trustee proposed to pay a final dividend of 9.61% to the unsecured creditors. A final report was prepared and filed.** **1 HOUR**

**23 HOURS @ $475.00/HOUR = $10,925.00**

**EXHIBT A**

# EXHIBIT B

## DISPOSITION OF ESTATE PROPERTY

| Scheduled Property and Disposition | Amount Realized |
|---|---|
| | |

| Unscheduled Property | Amount Realized |
|---|---|
| See Forms 1 & 2, attached hereto | |

| | |
|---|---|
| TOTAL RECEIPTS | $ 111,716.06 |
| TOTAL SCHEDULED VALUE OF PROPERTY ABANDONED | $ 1,000.00 |
| TOTAL SCHEDULED VALUE OF EXEMPT PROPERTY | $ 6,799.08 |

# EXHIBIT C

## CASH RECEIPTS AND DISBURSEMENTS

# Form 1

Page: 1

## Individual Estate Property Record and Report
## Asset Cases

**Case Number:** 07B-19666 BWB  
**Case Name:** OCAMPO, HECTOR  
OCAMPO, ROSE  
**Period Ending:** 12/02/08

**Trustee:** (330180)   THOMAS B. SULLIVAN, TRUSTEE  
**Filed (f) or Converted (c):** 10/23/07 (f)  
**§341(a) Meeting Date:** 12/07/07  
**Claims Bar Date:** 11/07/08

| Ref. # | 1<br>Asset Description<br>(Scheduled And Unscheduled (u) Property) | 2<br>Petition/<br>Unscheduled<br>Values | 3<br>Estimated Net Value<br>(Value Determined By Trustee,<br>Less Liens, Exemptions,<br>and Other Costs) | 4<br>Property<br>Abandoned<br>OA=§554(a) abandon.<br>DA=§554(c) abandon. | 5<br>Sale/Funds<br>Received by<br>the Estate | 6<br>Asset Fully<br>Administered (FA)/<br>Gross Value of<br>Remaining Assets |
|---|---|---|---|---|---|---|
| 1 | 1477 COLUMBUS DRIVE, BOLINGBROOK, IL | 360,000.00 | 0.00 | | 0.00 | FA |
| 2 | CHECKING ACCOUNTS | 580.00 | 0.00 | | 0.00 | FA |
| 3 | HOUSEHOLD GOODS | 5,000.00 | 0.00 | | 0.00 | FA |
| 4 | WEARING APPAREL | 1,000.00 | 0.00 | DA | 0.00 | FA |
| 5 | PI CASE  (u) | 100,000.00 | 100,000.00 | | 111,700.00 | FA |
| Int | INTEREST  (u) | Unknown | N/A | | 16.06 | Unknown |
| 6 | **Assets**   Totals (Excluding unknown values) | **$466,580.00** | **$100,000.00** | | **$111,716.06** | **$0.00** |

**Major Activities Affecting Case Closing:**

**Initial Projected Date Of Final Report (TFR):** January 31, 2009     **Current Projected Date Of Final Report (TFR):** January 31, 2009

Printed: 12/02/2008 11:03 AM   V.10.54

|  | Page: 1 |
|---|---|
| **Form 2** | |
| **Cash Receipts And Disbursements Record** | |

| Case Number: | 07B-19666 BWB | Trustee: | THOMAS B. SULLIVAN, TRUSTEE (330180) |
|---|---|---|---|
| Case Name: | OCAMPO, HECTOR | Bank Name: | JPMORGAN CHASE BANK, N.A. |
|  | OCAMPO, ROSE | Account: | ***-*****52-65 - Money Market Account |
| Taxpayer ID #: | 35-6788794 | Blanket Bond: | $5,000,000.00  (per case limit) |
| Period Ending: | 12/02/08 | Separate Bond: | N/A |

| 1<br>Trans.<br>Date | 2<br>{Ref #} /<br>Check # | 3<br>Paid To / Received From | 4<br>Description of Transaction | T-Code | 5<br>Receipts<br>$ | 6<br>Disbursements<br>$ | 7<br>Money Market<br>Account Balance |
|---|---|---|---|---|---|---|---|
| 07/31/08 |  | JAMES H. MILLER JR | SETTLEMENT OF PI CASE |  | 47,569.70 |  | 47,569.70 |
|  | {5} |  | 111,700.00 | 1249-000 |  |  | 47,569.70 |
|  |  | EDWARDS HOSPITAL | -22,293.50 | 4220-000 |  |  | 47,569.70 |
|  |  | JAMES MILLER JR | -37,233.33 | 3210-600 |  |  | 47,569.70 |
|  |  | JAMES MILLER JR | -147.72 | 3220-610 |  |  | 47,569.70 |
|  |  | EDWARDS HOSPITAL | -4,455.75 | 4220-000 |  |  | 47,569.70 |
| 08/29/08 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at  0.1500% | 1270-000 | 5.07 |  | 47,574.77 |
| 09/10/08 | 1001 | ROSE OCAMPO | EXEMPTION DUE TO DEBTOR | 8100-002 |  | 15,000.00 | 32,574.77 |
| 09/10/08 | 1002 | HECTOR OCAMPO | EXEMPTION DUE DEBTOR | 8100-002 |  | 11,700.00 | 20,874.77 |
| 09/30/08 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at  0.1500% | 1270-000 | 6.24 |  | 20,881.01 |
| 10/31/08 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at  0.1200% | 1270-000 | 3.04 |  | 20,884.05 |
| 11/28/08 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at  0.1000% | 1270-000 | 1.71 |  | 20,885.76 |
|  |  |  | **ACCOUNT TOTALS** |  | 47,585.76 | 26,700.00 | $20,885.76 |
|  |  |  | Less: Bank Transfers |  | 0.00 | 0.00 |  |
|  |  |  | **Subtotal** |  | 47,585.76 | 26,700.00 |  |
|  |  |  | Less: Payments to Debtors |  |  | 26,700.00 |  |
|  |  |  | **NET Receipts / Disbursements** |  | **$47,585.76** | **$0.00** |  |

{} Asset reference(s)                                                                                                     Printed: 12/02/2008 11:03 AM    V.10.54

## Form 2

Page: 2

## Cash Receipts And Disbursements Record

| Case Number: | 07B-19666 BWB | Trustee: | THOMAS B. SULLIVAN, TRUSTEE (330180) |
|---|---|---|---|
| Case Name: | OCAMPO, HECTOR | Bank Name: | JPMORGAN CHASE BANK, N.A. |
| | OCAMPO, ROSE | Account: | ***-*****52-66 - Checking Account |
| Taxpayer ID #: | 35-6788794 | Blanket Bond: | $5,000,000.00   (per case limit) |
| Period Ending: | 12/02/08 | Separate Bond: | N/A |

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Trans. Date | {Ref #} / Check # | Paid To / Received From | Description of Transaction | T-Code | Receipts $ | Disbursements $ | Checking Account Balance |
| (No Transactions on File for this Period) | | | **ACCOUNT TOTALS** | | 0.00 | 0.00 | $0.00 |
| | | | Less: Bank Transfers | | 0.00 | 0.00 | |
| | | | **Subtotal** | | 0.00 | 0.00 | |
| | | | Less: Payments to Debtors | | | 0.00 | |
| | | | **NET Receipts / Disbursements** | | **$0.00** | **$0.00** | |

```
            Net Receipts :      47,585.76
   Plus Gross Adjustments :     64,130.30
  Less Payments to Debtor :     26,700.00
                                ─────────
             Net Estate :      $85,016.06
```

| TOTAL - ALL ACCOUNTS | Net Receipts | Net Disbursements | Account Balances |
|---|---|---|---|
| MMA # ***-*****52-65 | 47,585.76 | 0.00 | 20,885.76 |
| Checking # ***-*****52-66 | 0.00 | 0.00 | 0.00 |
| | **$47,585.76** | **$0.00** | **$20,885.76** |

{} Asset reference(s)                                                        Printed: 12/02/2008 11:03 AM   V.10.54

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE:<br>OCAMPO, HECTOR<br>OCAMPO, ROSE<br><br>Debtor(s) | CHAPTER 7 CASE<br><br>CASE NO. 07B-19666 BWB<br><br>JUDGE BRUCE W. BLACK |

**PROPOSED DISTRIBUTION REPORT**

I, <u>THOMAS B. SULLIVAN, TRUSTEE</u>, herein, certify that I have reviewed all claims filed with the Clerk of the Bankruptcy Court and have examined all orders of Court, and state that based on my review I propose to make the following distribution:

SUMMARY OF DISTRIBUTION:

| | |
|---|---:|
| Secured Claims: | $ 0.00 |
| Chapter 7 Administrative Expenses: | $ 10,686.17 |
| Chapter 11 Administrative Expenses: | $ 0.00 |
| Priority Claims (507(a)(2)-(a)(7)): | $ 0.00 |
| Secured Tax Liens: | $ 0.00 |
| Priority Tax Claims: | $ 0.00 |
| Other Priority Claims (507(a)(9)): | $ 0.00 |
| General Unsecured Claims: | $ 10,199.59 |
| <u>TOTAL AMOUNT TO BE DISTRIBUTED:</u> | $ 20,885.76 |

| 1. | TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND % |
|---|---|---|---|
| | Secured Claims | $ 0.00 | 0.00% |
| **CLAIM NUMBER** | **CREDITOR** | **ALLOWED AMOUNT** | **DIVIDEND AMOUNT** |

| 2. | TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND % |
|---|---|---|---|
| | §726(a) & (b) and §507(a)(1) (Chapter 7 costs of administration including court costs and U.S. Trustee quarterly fees pursuant to 28 U.S.C. 1930(6)) | $ 10,686.17 | 100.00% |
| **CLAIM NUMBER** | **CREDITOR** | **ALLOWED AMOUNT** | **DIVIDEND AMOUNT** |
| ADMIN1 | THOMAS B. SULLIVAN, TRUSTEE | 7,500.80 | 7,500.80 |
| ADMIN2 | Grochocinski, Grochocinski & Lloyd, Ltd. | 2,887.50 | 2,887.50 |
| ADMIN3 | Grochocinski, Grochocinski & Lloyd, Ltd. | 37.87 | 37.87 |
| ADMIN4 | Clerk Of The U.S. Bankruptcy Court | 260.00 | 260.00 |

| 3. | TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND % |
|---|---|---|---|
| | §726(a) & (b) and §507(a)(1) (Debtor-in possession (DIP) administrative expenses) | $ 0.00 | 0.00% |
| **CLAIM NUMBER** | **CREDITOR** | **ALLOWED AMOUNT** | **DIVIDEND AMOUNT** |

| 4. | TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND% |
|---|---|---|---|
| | §507(a)(2) - Gap claims arising in involuntary cases and allowed pursuant to §502(f) | $ 0.00 | 0.00% |
| **CLAIM NUMBER** | **CREDITOR** | **ALLOWED REQUESTED** | **PROPOSED ALLOWANCE** |
| | | TOTAL | $ 0.00 |

| 5. | TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND% |
|---|---|---|---|
| | §507(a)(3) - Wages, salaries or commissions limited to $4,300.00 | $ 0.00 | 0.00% |

| CLAIM NUMBER | CREDITOR | ALLOWED REQUESTED | PROPOSED ALLOWANCE |
|---|---|---|---|
| | | TOTAL | $ 0.00 |

| 6. | TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND% |
|---|---|---|---|
| §507(a)(4) - Contributions to Employee Benefit Funds | | $ 0.00 | 0.00% |

| CLAIM NUMBER | CREDITOR | ALLOWED REQUESTED | PROPOSED ALLOWANCE |
|---|---|---|---|
| | | TOTAL | $ 0.00 |

| 7. | TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND% |
|---|---|---|---|
| §507(a)(5) - Farmers' and Fishermen's claims to the extent of $4,300.00 | | $ 0.00 | 0.00% |

| CLAIM NUMBER | CREDITOR | ALLOWED REQUESTED | PROPOSED ALLOWANCE |
|---|---|---|---|
| | | TOTAL | $ 0.00 |

| 8. | TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND% |
|---|---|---|---|
| 507(a)(6) - Deposits by consumers to the extent of $1,950.00 | | $ 0.00 | 0.00% |

| CLAIM NUMBER | CREDITOR | ALLOWED REQUESTED | PROPOSED ALLOWANCE |
|---|---|---|---|
| | | TOTAL | $ 0.00 |

| 9. | TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND% |
|---|---|---|---|
| §507(a)(7) - Alimony | | $ 0.00 | 0.00% |

| CLAIM NUMBER | CREDITOR | ALLOWED REQUESTED | PROPOSED ALLOWANCE |
|---|---|---|---|
| | | TOTAL | $ 0.00 |

| 10. | TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND% |
|---|---|---|---|
| §724(b)(6) - Tax Liens: | | $ 0.00 | 0.00% |

| CLAIM NUMBER | CREDITOR | ALLOWED REQUESTED | PROPOSED ALLOWANCE |
|---|---|---|---|
| | | TOTAL | $ 0.00 |

| 11. | TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND% |
|---|---|---|---|
| | §507(a)(8) - Tax claims excluding fines and penalties | $        0.00 | 0.00% |
| **CLAIM NUMBER** | **CREDITOR** | **ALLOWED REQUESTED** | **PROPOSED ALLOWANCE** |
| | | TOTAL        $ | 0.00 |

| 12. | TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND% |
|---|---|---|---|
| | §507(a)(9) - Capital Commitments to FDIC, et al. | $        0.00 | 0.00% |
| **CLAIM NUMBER** | **CREDITOR** | **ALLOWED REQUESTED** | **PROPOSED ALLOWANCE** |
| | | TOTAL        $ | 0.00 |

| 13. | TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND% |
|---|---|---|---|
| | §726(a)(2) - General Claims (To be paid pro-rata after costs of administration and priority claims are paid in full) | $   106,183.24 | 9.61% |
| **CLAIM NUMBER** | **CREDITOR** | **ALLOWED REQUESTED** | **PROPOSED ALLOWANCE** |
| 002 | LVNV FUNDING LLC ITS SUCCESSORS & ASSIGNEE OF CITIBANK | 8,625.07 | 828.50 |
| 003 | LVNV FUNDING LLC ITS SUCESSORS & ASSIGNEE OF CITIBANK | 12,163.49 | 1,168.39 |
| 004 | CHASE BANK USA | 2,638.25 | 253.43 |
| 005 | DUPAGE PLASTIC SURGERY LTD | 3,417.00 | 328.22 |
| 006 | LVNV FUNDING LLC | 13,811.57 | 1,326.69 |
| 007 | ECAST SETTLEMENT CORPORATION ASSIGNEE OF | 1,552.18 | 149.10 |
| 008 | ECAST SETTLEMENT CORPORATION ASSIGNEE OF HSBC BANK NA | 5,136.51 | 493.39 |
| 009 | ECAST SETTLEMENT CORPORATION ASSIGNEE OF | 23,736.92 | 2,280.08 |
| 010 | ECAST SETTLEMENT CORP ASSIGNEE OF | 17,720.00 | 1,702.12 |
| 011 | FIA CARD SERVICES NA BANK OF AMERICA | 13,740.72 | 1,319.88 |
| 012 | FIA CARD SERVICES NA BANK OF AMERICA | 3,641.53 | 349.79 |
| | | TOTAL        $ | 10,199.59 |

| 14. | TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND% |
|---|---|---|---|
| | General Unsecured Subordinated claims | $        0.00 | 0.00% |

Case 07-19666   Doc 47   Filed 01/15/09   Entered 01/15/09 14:41:26   Desc Main
Document   Page 16 of 18

| CLAIM NUMBER | CREDITOR | | ALLOWED REQUESTED | PROPOSED ALLOWANCE |
|---|---|---|---|---|
| | | TOTAL | $ | 0.00 |

| 15. | TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND% |
|---|---|---|---|
| §726(a)(3) - Late unsecured claims | | $ 0.00 | 0.00% |

| CLAIM NUMBER | CREDITOR | | ALLOWED REQUESTED | PROPOSED ALLOWANCE |
|---|---|---|---|---|
| | | TOTAL | $ | 0.00 |

| 16. | TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND% |
|---|---|---|---|
| §726(a)(4) - Fines/penalties | | $ 0.00 | 0.00% |

| CLAIM NUMBER | CREDITOR | | ALLOWED REQUESTED | PROPOSED ALLOWANCE |
|---|---|---|---|---|
| | | TOTAL | $ | 0.00 |

| 17. | TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND% |
|---|---|---|---|
| §726(a)(5) - Interest | | $ 0.00 | 0.00% |

| CLAIM NUMBER | CREDITOR | | ALLOWED REQUESTED | PROPOSED ALLOWANCE |
|---|---|---|---|---|
| | | TOTAL | $ | 0.00 |

| 18. | TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND% |
|---|---|---|---|
| §726(a)(6) - Surplus to Debtor | | $ 0.00 | 0.00% |

| CLAIM NUMBER | CREDITOR | | ALLOWED REQUESTED | PROPOSED ALLOWANCE |
|---|---|---|---|---|
| | | TOTAL | $ | 0.00 |

The following claims are not included in the distribution because they have been disallowed or barred by court order or have been withdrawn by the claimant:

| TYPE OF CLAIM | CLAIM NUMBER | CREDITOR AND ADDRESS | AMOUNT OF CLAIM | DISALLOWED /WITHDRAWN (DESIGNATE) |
|---|---|---|---|---|

| | | | | | |
|---|---|---|---|---|---|
| Secured | 001 | STERNS BANK NA<br>EQUIPMENT FINANCE DIVISION<br>500 13TH STREET, P.O. BOX 750<br>ALBANY, MN 56307- | $ | 34,219.48 | Withdrawn |

WHEREFORE, the Trustee certifies under penalty of perjury that the above statements are true and correct.


DATED: _____  _____

THOMAS B. SULLIVAN, TRUSTEE

EXHIBIT E

**PROFESSIONAL FEES AND EXPENSES**

|  | Previously Allowed | Pending Compensation Applications | Fees & Expenses Total |
|---|---|---|---|
| **Attorney for Trustee** | | | |
| Grochocinski, Grochocinski & Lloyd, Ltd. Fees | 0.00 | 2,887.50 | |
| Grochocinski, Grochocinski & Lloyd, Ltd. Expenses | 0.00 | 37.87 | |
| | | | 2,925.37 |
| **Accountant for Trustee** | | | 0.00 |
| **Attorney for Debtor** | | | 0.00 |
| **Other Professionals** | | | 0.00 |
| | | | |
| TOTALS | $ 0.00 | $ 2,925.37 | $ 2,925.37 |